UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CETNRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 5:25-cr-00097-GFVT-MAS |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| CRYSTAL MARCELINO-COSME, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A Stinnett. [R. 16.] On December 19, 2023, Senior District Judge Peter G. Sheridan of the District of New Jersey sentenced Marcelino-Cosme to time served, to be followed by 5 years of supervised release. *Id.* at 1-2. Marcelino-Cosme was released on December 14, 2023. *Id*. at 2. On July 29, 2025, the Eastern District of Kentucky accepted transfer of jurisdiction of this case. *Id.*

On August 14, 2025, the United States Probation Office issued a Violation Report charging Marcelino-Cosme with two supervised release violations. The report indicated that cocaine was detected in Marcelino-Cosme's drug screen, thus Marcelino-Cosme violated the conditions prohibiting her from using a controlled substance and prohibiting her from violating federal, state, or local law by possessing cocaine through its use. On August 27, 2025, Marcelino-Cosme appeared before Judge Stinnett for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 6.] On September 24, 2025, Marcelino-Cosme appeared before Judge Stinnett for her final hearing. [R. 8.]

Judge Stinnett found that Marcelino-Cosme "knowingly, voluntarily, and intelligently" stipulated to both violations. [R. 9 at 2-3.] At the final hearing, the parties agreed to continue the sentencing phase of the hearing until March 18, 2026, in order to give Marcelino-Cosme the opportunity to prove her compliance with the conditions for six months from the date of the final hearing prior to conducting the sentencing phase. *Id.* at 3. After the final hearing, Judge Stinnett issued a Report and Recommendation in which he evaluated the entire record and determined that based on Marcelino-Cosme's single violation, her criminal history Category I, and her progress after the initial slip-up, the sentencing phase of the final hearing should be continued. *Id.* The Court adopted the Report and Recommendation on December 2, 2025. [R. 10.]

On January 20, 2026, USPO submitted a new violation report alleging that on January 7, 2026, Marcelino-Cosme tested positive for cocaine, which is a violation of the conditions of supervised release which prohibit her from using a controlled substance and prohibit her from violating federal, state, or local law by possessing cocaine through its use. Pursuant to Federal Rule of Criminal Procedure 32.1, Judge Stinnett conducted an initial appearance on February 4, 2026. [R. 13.] At this hearing, Judge Stinnett found that Marcelino-Cosme "knowingly, voluntarily, and intelligently" waived her right to a preliminary hearing, and found probable cause that the allegations in the Violation Report were true. *Id.* The United States then moved for interim detention, and Marcelino-Cosme requested release. [R. 17 at 4.] Judge Stinnett heard arguments from counsel and ultimately ordered Marcelino-Cosme detained pending the final hearing. *Id.*

At the final hearing, Judge Stinnett found that Marcelino-Cosme "knowingly, voluntarily, and intelligently" stipulated to both violations in the January 2026 Violation Report. *Id.* After the final hearing, Judge Stinnett issued the instant Report and Recommendation in which he

evaluated the entire record and recommended that Marcelino-Cosme be sentenced to time served, followed by a period of supervised release until December 13, 2028. *Id.* at 7. Judge Stinnett also recommends that the new period of supervision should be under the same conditions previously imposed, plus the additional condition that Marcelino-Cosme must complete an inpatient substance use treatment program at the discretion of the USPO. *Id.* at 6. Marcelino-Cosme initially preserved her right of allocution but has since filed a waiver of allocution in the record. [R. 21-1.]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 11-12; *see* 28 U.S.C. § 636(b)(1). More than fourteen days have passed, and neither party has objected to the Report and Recommendation. Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 16]** is **ADOPTED** as and for the Opinion of the Court;

2.  Defendant Crystal Marcelino-Cosme is found **GUILTY** of Violation #1 and Violation #2 as charged by the United States Probation Office;

3.  Defendant Crystal Marcelino-Cosme current term of supervised release is **REVOKED**;

4.  Defendant Crystal Marcelino-Cosme is **SENTENCED** to a term of incarceration of time served, extending until and through the date of a bed availability at the in-patient treatment center at the discretion of the United States Probation Office; and

5.  Defendant Crystal Marcelino-Cosme is placed back on supervised release until **December 13, 2028**, with all of her prior conditions of supervision and the additional condition that she participate in and complete an in-patient substance use treatment program at the discretion of the United States Probation Office; and

6.  The Allocution Hearing in this matter, currently scheduled for **April 6, 2026**, is **CANCELLED**.

This the 26th day of March, 2026.

Gregory F. Van Tatenhove
United States District Judge